1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

* * *

7

JON J. EDELMAN,

Case No. 2:19-cv-00666-RFB-NJK

8

Plaintiff(s),

**ORDER**

9

v.

10

PETER LAZARE *individually, and as Trustee
of the Edelman Trust*,; ASHER EDELMAN;
*Individually, and as Executor of the Estate of
Mildred Ash*

11

12

Defendant(s).

13

14

## I.    INTRODUCTION

15

16

Before the Court are Defendant Asher Feldman's Motion to Dismiss and Defendant Peter

17

Lazare's Motion to Dismiss. ECF Nos. 7, 17. For the following reasons, the Courts grants both

18

motions.

19

## II.    PROCEDURAL BACKGROUND

20

Plaintiff, pro se, filed his complaint on April 17, 2019. ECF No. 1. Defendant Asher

21

Feldman moved to dismiss his complaint on May 16, 2019. ECF No. 7. A response and reply were

22

filed. ECF Nos. 27, 21. Defendant Peter Lazare moved to dismiss the complaint on May 20, 2019.

23

ECF No. 17. A response and reply were also filed. ECF Nos. 28, 32.

24

25

## III.    FACTUAL ALLEGATIONS

26

Plaintiff Jon Edelman alleges as follows in his complaint: Mildred Ash was the mother of

27

Plaintiff and created the Edelman Trust in March 1996. The trust is an irrevocable, discretionary,

28

spendthrift trust. Mildred Ash granted the Edelman Trust using exclusively her own funds and also

made it a beneficiary of her Estate.

Mildred Ash initially named Dennis Stein, Esq. as the trustee for the Edelman Trust. She subsequently named Defendant Peter Lazare trustee of the trust and Dennis Stein resigned. Defendant Asher Edelman is the Executor of the Estate and also a son of Ms. Ash, who passed away in 2004. In her will, Ms. Ash divided her estate into two equal shares. The first share, share "A" she bequeathed to the Edelman Trust, and the second share, share "B" she bequeathed to Defendant Asher Edelman's children's testamentary trusts. Neither Plaintiff nor Defendant Asher Edelman were named beneficiaries of the Trust. On or about November 19, 2010, Defendant Asher Edelman filed a petition for an order permitting borrowing of funds with a probate court in Clark County. The order requested approval to enter a loan transaction in the amount of $1,650,000 for the benefit of the Estate of Mildred Ash. The stated purpose of the loan was to pay the estate tax. On December 30, 2010, the probate court granted the petition.

On or about December 2010, Defendant Asher Edelman requested that Defendant Peter Lazare grant a waiver of annual account of the estate of Mildred Ash. Lazare granted the request. Around that same time, Asher Edelman filed the first annual report of the executor in the Clark County probate court. On or about October 25, 2013, Lazare changed the situs of the Edelman Trust from New York to Nevada. On February 27, 2015, Asher Edelman caused the Estate of Mildred Ash to sell its 60% interest in real property located at 2985 South Las Vegas Boulevard for $10,650,000. After the sale, the only asset that the Estate owned was cash. On August 2, 2016, Lazare and Asher Edelman entered into an agreement in principle regarding the distribution of the Edelman's Trust's interest in the Estate of Mildred Ash. Lazare also settled a claim with the Internal Revenue Service (IRS) that it had made against the Edelman Trust, in a then-pending lawsuit that had been removed to the Southern District of New York.  On September 27, 2017,

1
2
3
4
5
6

Plaintiff filed a cross-claim in the Southern District of New York lawsuit to obtain a judicial determination that Defendants conspired to defraud the Edelman Trust through malfeasance and self-dealing. The probate court determined in a November 21, 2017 hearing that it did not want to adjudicate the claim and that Peter Lazare had acted within the discretion granted him in the Trust agreement.

7
8
9
10
11
12

Prior to the settlement conference between Peter Lazare, Asher Edelman, and the IRS on August 2, 2016, Asher Edelman offered Peter Lazare tens of thousands of dollars. Lazare responded to Edelman's offer by providing Asher Edelman with his payment information. On or about December 2014, Asher Edelman had solicited Eric Olsen, the lawyer for the Edelman Trust to represent him, although Asher Edelman is not a trustee of the Edelman Trust.

13
14
15
16

Prior to the August 2, 2016 settlement conference, Asher Edelman negotiated the terms of a settlement agreement between the Edelman Trust and the IRS. The terms that Peter Lazare agreed to with the IRS are substantially the same as those negotiated by Asher Edelman.

17
18
19
20
21
22
23
24
25

Prior to the August 2, 2016 settlement conference, Lazare also received Citibank statements for the Estate of Mildred Ash, for the period January 2013 through November 2014. The bank statements show that Asher Edelman had transferred over $400,000 from the Estate of Mildred Ash to Asher Edelman's personal bank account. Subsequent to Asher Edelman causing the Estate of Mildred Ash to borrow $1,650,000 in early 2011, Asher Edelman diverted those funds to his own personal bank account. The loan cost the Estate over $90,000 a year even though the proceeds were diverted to the personal account of Asher Edelman. Asher Edelman also charged the Estate "management fees" of at least $55,000 a year.

26
27
28

In the prior case involving the IRS, Peter Lazare agreed to limited discovery produced by the Estate that did not include activities prior to the Estate's sale of its interest in the property at

- 2 -

2985 South Las Vegas Boulevard. Lazare also agreed to settle with the Estate without receiving an accounting of the Estate's activities. After Plaintiff filed a cross-claim alleging a conspiracy to defraud the Edelman Trust, Defendants modified the settlement agreement so that if any proceeds of the fraud were recovered, the proceeds would go to the IRS. The IRS had not made this part of their demands to settle, and during the prior court proceedings in the Southern District of New York, the government made a statement that it had no position regarding Plaintiff's cross-claim. Asher Edelman also made a loan from the Estate of Mildred Ash in November 2016 so that Asher Edelman, acting on his own behalf as an art dealer, could sell a painting by Edvard Munch for $7 million.

Finally, Plaintiff alleges that Defendant Asher Edelman has apportioned a greater share of the Estate to the testamentary trusts of his children and a lesser share to the Edelman Trust, even though Ms. Ash's will established that the Estate was supposed to be split evenly between the two shares. The money stolen by Defendant Asher Edelman has never been recovered. As of the date of Plaintiff's complaint, no money had been distributed from the Estate to the Trust and then to the beneficiaries of the Trust. Plaintiff now seeks for Defendants to repay the Edelman Trust for funds Plaintiff contends were unlawfully transferred, for an amount totaling $4.7 million, in addition to injunctive relief directing that the Edelman Trust receive assets equal to one-half of the value of the Estate, and that the Trust retain the same proportion of the amounts received from Defendants as applied to the amounts received before recover of amounts defrauded by the defendants.

## IV.    LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure

to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." <u>Faulkner v. ADT Sec. Services, Inc.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a *pro se* complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); <u>see also</u> <u>Butler v. Long</u>, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." <u>Id.</u> at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in <u>Twombly</u> and <u>Iqbal</u>, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

## V.   DISCUSSION

Defendants argue, and the Court agrees, that all of Plaintiff's claims are barred by claim preclusion. Because this is a case in which the Court sits in diversity, the Court must apply the

- 2 -

same principles of res judicata or claim preclusion as the corresponding state trial court. <u>NTCH-WA, Inc. v. ZTE Corp.</u>, 921 F.3d 1175, 1180 (9th Cir. 2019). Under Nevada law, claim preclusion applies when: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." <u>Five Start Capital Corp. v. Ruby</u>, 194 P.3d 709, 713 (Nev. 2008). The Court finds that all three prerequisites for claim preclusion are present in this case.

In his complaint, Plaintiff refers to a case litigated in the Southern District of New York. Plaintiff conveniently omits in his complaint that the case concerned the IRS's attempts to collect and enforce an over- $300 million judgment that it had secured against Plaintiff—who had been convicted of tax fraud in 1991—by seeking access to funds in the Edelman Trust. Documents submitted by Defendants, of which the Court takes judicial notice[1], reveal that on May 17, 2018, Judge Paul Oetken issued a thorough opinion in which he ruled against Plaintiff on claims identical to those raised by Plaintiff in this case. The parties are all the same, the claim—civil conspiracy—is the same, and the judgment issued by Judge Oetken was final.

Plaintiff argues that while the claim is the same, it is now supported by factual allegations that he could not have raised in the original proceeding. While the Supreme Court has acknowledged that "development of new material facts can mean that a new case and an otherwise similar previous case do not present the same claim," the Court does not find that Plaintiff has demonstrated that such a situation occurred with this case. <u>Whole Woman's Health v. Hellerstedt</u>, 136 S. Ct. 2292, 2305 (2016). First, in his opposition to Defendant Asher Feldman's motion to dismiss, Plaintiff attempts to amend his complaint by referring to factual allegations that were not pled in the complaint, including allegations concerning an October 2018 settlement conference. It

---

[1] The Court may take judicial notice of public records when neither party disputes their authenticity. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688–89 (9th Cir. 2001).

- 2 -

is axiomatic that a party may not amend its pleadings through an opposition to a motion to dismiss. Schneider v. Cal. Dep't Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Second, Plaintiff argues that the reason why facts regarding alleged payments made by Asher Edelman to Peter Lazare were not made in the prior proceeding was because, "that fact was not essential to the legal argument of the prior action." ECF No. 27, ¶ 39. But whether the payment was an essential fact for the legal argument of the claims in the prior action is not the relevant consideration. Claim preclusion operates to bar all claims "based on the same facts and alleged wrongful conduct that were or *could* have been brought in the first proceeding." Alcantara v. Wal-Mart Stores, 321 P.3d 912, 915 (Nev. 2014) (emphasis added). The only potentially substantive difference between the complaint filed by Plaintiff in this case and the cross-complaint filed in Judge Oetken's case is that Plaintiff now pleads a conclusory allegation that Defendant Asher Feldman bribed Defendant Peter Lazare.  However, any claims, and therefore any *facts supporting those claims*, that could have been raised in the prior proceeding cannot be heard by the Court in a later proceeding. Plaintiff has not adequately demonstrated why, if facts regarding alleged wrongful payments by Edelman and Lazare were known to Plaintiff when he filed his cross-complaint in the prior case, he only pled those facts now. That Plaintiff determined that those facts were not germane to the claim that he actually brought in the prior proceeding is an insufficient explanation. Moreover, the assertion of the "discovery" of additional facts after a claim, especially a civil conspiracy claim, has been adjudicated on the merits does not alter the analysis. There will frequently be *subsequent* facts relevant to a dismissed claim, but that does not mean that a party can resurrect the claim based upon a few sparse subsequent facts being added to a body of facts that could have previously been raised. This would defeat the doctrine of res judicata. The party must demonstrate why the claim and relevant facts could not have been asserted previously. Plaintiff has not met this burden here.

Accordingly, the Court finds that claim preclusion bars the Court from hearing Plaintiff's claims in this lawsuit.

**VI.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Asher Edelman's Motion to Dismiss (ECF No. 7) and Defendant Peter Lazare's Motion to Dismiss (ECF No. 17) are granted.

**IT IS FURTHER ORDERED** that the Motions to Extend Time (ECF Nos. 20 and 25) are granted. All other motions are denied as moot.

The Clerk of the Court is instructed to enter judgment accordingly and to close the case.

DATED: May 30, 2020.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**